Motion GRANTED.

PLEA and SENTENCING set for 9/13/17 at 2:30 p.m.

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:17-00110 |
| | ) | Judge Trauger |
| | ) | |
| JOSE PEREZ-RAMOS | ) | |

MOTION TO CONDUCT SENTENCING AT PLEA HEARING

Comes the defendant pursuant to Rule 32(c)(1)(A)(ii)[1], Federal Rules of Criminal Procedure, and hereby moves the Court to conduct sentencing in this matter at the time of the change of plea hearing. In support of this motion defendant would state and show as follows:

1.) The indictment against Mr. Perez charges him with illegal re-entry in violation of 8 U.S.C. § 1326(a). That provision carries a maximum sentence of two (2) years and/or a fine up to $250,000.

2.) As discovery, the government provided defendant with the relevant documents from Mr. Perez's Immigration A-file. Those records note that it appears Mr. Perez was convicted of driving under the influence in Rome, Georgia, in 2006, but note that all records and physical files related to that case have been destroyed. The A-file also reflects that Mr. Perez was removed from the United States once in 2006, and that the current case appears to be his first re-entry.

---

[1] "The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless: . . . (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record."

3.)  Based on those facts, Mr. Perez's sentencing guidelines would be calculated under §2L1.2(a) as a base offense of 8.  Because Mr. Perez has no prior felony convictions and only a single possible misdemeanor conviction, none of the upward adjustments under §2L1.2(b) would apply.  Subtracting 2 levels for acceptance of responsibility under §3E1.1 results in a total offense level of 6.  At criminal history category I, the sentencing range would be 0 to 6 months.

4.)  Mr. Perez was arrested in Cheatham County on May 17, 2017, and charged with aggravated assault and public intoxication for his alleged involvement in a drunken brawl.  An Immigration Detainer was filed with Cheatham County by the Department of Homeland Security on May 18, 2017.  On May 22, 2017, Mr. Perez was released by Cheatham County on an ROR bond and turned over to Immigration on the detainer.

5.)  Mr. Perez has been in custody since May 22, 2017, or three and a half months.

6.)  There is no plea agreement in this case.

7.)  Defendant submits that a sentence of time served, which represents a sentence above the middle of the range, would be "sufficient, but not greater than necessary" in this case.

WHEREFORE, the defendant moves the Court to conduct the sentencing in this matter at the change of plea hearing.

Respectfully submitted,

s/ *Sumter L. Camp*
SUMTER L. CAMP
Assistant Federal Public Defender
Attorney for Defendant
810 Broadway Suite 200
Nashville, TN  37203
615-736-5047

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 8th day of September, 2017, I electronically filed the foregoing *Motion to Conduct Sentencing at Plea Hearing* with the clerk of the court by using the CM/ECF system, which will send a notice of Electronic Filing to the following: the Honorable Lynne T. Ingram, Assistant United States Attorney, 110 9th Avenue South, Suite A961, Nashville, Tennessee 37203.

*s/ Sumter L. Camp*
SUMTER L. CAMP